Glenn R. BLACK, M.D., Plaintiff,

v.

**BARBERTON CITIZENS HOSPITAL,
et al., Defendants.**

No. 5:96–CV–1158.

United States District Court,
N.D. Ohio,
Eastern Division.

June 2, 1998.

Gail E. Sindell, Frank R. DeSantis, David A. Young, Kaufman & Cumberland, Cleveland, OH, for Plaintiff.

Isaac Schulz, F. Thomas Vickers, Lawrence Frederick Peskin, William J. Gagliano, James A. Vollins, Ulmer & Berne, Cleveland, OH, for Defendants.

Amie L. Bruggeman, Mark C. Terzola, Roetzel & Andress, Akron, OH, John N. Childs, Buckingham, Doolittle & Burroughs, Akron, OH, for Barberton Health Systems, LLC, Quorum Health Group of Barberton, Inc., movants.

Christopher S. Humphrey, Buckingham, Doolittle & Burroughs, Canton, OH, for Akron General Medical Center, movant.

## MEMORANDUM OPINION

GWIN, District Judge.

On July 11, 1996 Defendants Barberton Citizens Hospital and two physicians filed a motion for summary judgment as to Plaintiff Dr. Glenn Black's state law claims in this action removed from state court. [Doc. 4].[1] The defendants now seek judgment on all counts in Plaintiff's amended complaint.

As his only federal cause of action, Plaintiff Black brings action under 42 U.S.C. § 1983. The Court examines whether Defendant Barberton Hospital acted under color of state law in depriving Plaintiff Black of any rights, privileges, or immunities secured by the Constitution. The Court grants summary judgment on Count IV, the plaintiffs sole federal claim, because there is no "state action" to support federal jurisdiction. Having granted judgment on the federal claim, the Court declines to exercise pendent jurisdiction on the remaining state claims and orders that the remaining claims be remanded to state court.[2]

## I

Plaintiff Dr. Black, filed suit in Summit County Court of Common Pleas following a decision by the defendant hospital's board of trustees to place Black on probation for alleged incidents of misconduct. Barberton Citizens Hospital is a private, non-profit hospital located in Barberton, Ohio.[3] Dr. Black is

1. On May 1, 1998, defendants filed a supplemental brief in support of their motion for summary judgment in light of an interlocutory appeal. The appellate court suggested this court review its jurisdiction over plaintiff's federal claims. *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265 (6th Cir.1998).

2. 28 U.S.C. § 1447(c) states in part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

3. The legal nature of the hospital has changed since the inception of this suit. In 1996 Barberton Citizens Hospital was sold. The defendant hospital is now known as Tuscora Park Company

a cardiologist with medical staff privileges at the defendant hospital.

The complaint alleged state law causes of action. Black later amended his complaint to include a federal claim based upon 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution. The defendants then removed the case to the United States District Court for the Northern District of Ohio.

Prior to removal, the state court filed an order granting plaintiff a preliminary injunction. After removal to this Court, defendants filed a motion to dissolve the preliminary injunction. This Court denied the motion. Subsequently, the hospital filed an interlocutory appeal with the Sixth Circuit Court of Appeals. The Sixth Circuit remanded the case, instructing this Court to determine whether there has been sufficient state action for purposes of a § 1983 claim.

The plaintiff has not yet filed a response to the defendants' summary judgment motion that does not exceed the page limitation of the local rules.[4] Despite Plaintiff Black's failure to comply with court rules, the Court has examined his arguments in support of jurisdiction.

## II

Plaintiff joined the staff of Barberton Citizens Hospital in 1980. He was the first cardiologist on the hospital staff. Black has established a substantial practice both at Barberton and other hospitals. However, Barberton serves as his referral base.

Barberton Citizens Hospital is a non-profit corporation organized under the laws of Ohio for the purpose of serving as a general hospital providing patient care, education and research.[5]

Black has personal difficulties with other physicians at Barberton Citizens Hospital. In his amended complaint, Black says that certain physicians engaged in a campaign to remove him from the medical staff through accusations and complaints of disruptive behavior and incompetence.

On February 15, 1994, Defendant Dr. Michael Frank, then chief of staff elect, created a sub committee of the Executive Medical Council ("EMC") to review Black's conduct. The subcommittee recommended to the EMC that Black's medical staff privileges be revoked. The EMC accepted the committee's proposal and recommended revoking Black's staff membership and medical privileges. The amended complaint says the EMC based its decision on grounds of disruptive behavior through inappropriate, unprofessional, and hostile interactions with other staff, and improper criticism of Barberton Citizens Hospital.

On February 22, 1995 the fair hearing committee met and following the hearing recommended a thirty-one day suspension of Black's clinical privileges and a probationary period following the suspension.

The defendant hospital's board of trustees approved these recommendations without modification. Black appealed to the appellate review committee. Black was never notified of the report and specific recommendation of the review committee. The fair hearing plan requires that if the board changes the EMC's last recommendation, the matter is referred to the joint conference review. A joint conference review was subsequently convened to review the plaintiffs situation.

Upon consideration of the report of the joint conference committee, the hospital's board of trustees unanimously passed a set of "Findings." These findings established an arbitration system to review disruptive conduct claims made against Black. Plaintiff subsequently filed this action in the Summit County Court of Common Pleas.

and is affiliated with a public foundation called the Tuscora Park Foundation.

**4.** *See* Docs. 112, 113, 151 and Loc.Civ.R. 7.1.

**5.** Plaintiff alleged in his complaint that due to its connection with the state of Ohio and local political units, the significant governmental financial assistance it receives, and its geographic monopoly, Barberton Citizens Hospital is a public hospital.

## III

Pursuant to Fed.R.Civ.P. 56, summary judgment shall be rendered if the evidence presented in the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In assessing the merits of the motion, the court shall draw all justifiable inferences from the evidence presented in the record in the light most favorable to the non-moving party. *Woythal v. Tex–Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 414, 139 L.Ed.2d 317 (1997). However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Miller v. Lorain County Bd. Of Elections*, 141 F.3d 252, 254–55 (6th Cir.1998).

Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* supra at 251–52, 106 S.Ct. 2505.

## IV

In the instant case, the sole basis for federal jurisdiction, and thus removal of this case to federal court, is Count IV of Black's amended complaint. Count IV is styled "Due Process/ Public Duty/ Equal Protection." In it, he makes claim under 42 U.S.C. § 1983 and the Equal Protection Clause of the United States Constitution.

An action brought under 42 U.S.C. § 1983 necessitates that a plaintiff demonstrate that he was "deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir.1992).[6] The principle issue to be determined then is whether conduct of the party may be " 'fairly attributable to the state.' " *Id. (quoting Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Three tests exist to resolve what constitutes "fairly attributable to the state" for purposes of § 1983 liability. These tests are: (1) the public function test, (2) the state compulsion test and, (3) the symbiotic relationship test (which is also known as the nexus test). *Id.* at 1334.

The public function test inquires whether the private entity, in its conduct, exercises powers and completes functions which are normally executed by the state. These functions consist of such activities as the holding of elections. *Id.* at 1335 (*citing Flagg Bros. v. Brooks,* 436 U.S. 149, 157, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)).

Running a hospital is not traditionally an activity exclusively under state control. The plaintiff shows no evidence supporting jurisdiction under § 1983 under the public function test.

The state compulsion test is met with a showing that the power exercised by the state is such that it coerces or significantly encourages action by a private actor to such an extent that the private individual can be deemed to be representative of the state. *Id.* In the present case, it does not appear from the record that any city official had any actual control over the management and operation of Barberton Citizens Hospital. Although the city of Barberton had final approval of the hospital's board of trustees there is no evidence that the city coerced or encouraged nominations to the board. Also, only two members of the board of trustees

---

**6.** 42 U.S.C. § 1983 states in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdic-

tion thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, . . ."

were actually city employees; the mayor and the president of city council serving as permanent members. While the record does not disclose precisely how many members constitute the hospital's board there were at least sixteen. Of those only two members present at the final vote on Black's status hold city affiliations. Surely they do not constitute a majority sufficient to prove state action.[7]

Similarly, the symbiotic relationship or nexus test requires a showing of a sufficiently close nexus between the state and the challenged action of the regulated entity to prove that the actions of the private individual should be construed as those of the state. *Id.*

In *Crowder v. Conlan,* 740 F.2d 447 (6th Cir.1984), the Sixth Circuit held that a "... private hospital was not a state actor for purposes of section 1983 even though the hospital received public funding, was subject to state regulation, had two public officials serving on its board of trustees, and had been purchased by the county and then leased back to the hospital's board of trustees through a financial arrangement authorized by state statute." *Id* at 450–53.

Under the three tests noted above and *Crowder,* plaintiff fails to establish that Barberton Citizens Hospital is a state actor for the purposes of section 1983 liability. The procedures and events in question have been matters purely internal to the hospital. Plaintiff Black shows no city action that contributed to the decisions complained of. The opportunity for state interference and influence did not exist. The city has some interest in the hospital property and assets but that interest is unrelated to the question raised by these proceedings. The city's contingent interest is not a nexus between the city and Barberton Citizens Hospital.[8]

Moreover, the board of trustees was not responsible for the initial decision concerning Black's status. Only after exhausting internal procedures did the issue come before the board of trustees. The board's decision was not a product of its own investigations and conclusions. The decision was based on previously determined facts reached by other physicians relying upon professional standards within the medical field, not upon guidelines or rules the state imposed upon the defendant hospital. *Id.* at 452.

Plaintiff Black fails to show "state action" sufficient to support § 1983 liability. Therefore, his equal protection claim in Count IV must fail. The Court grants summary judgment on the plaintiffs federal claim in Count IV.

### V

■■■ Black's amended complaint also includes claims for breach of contract, promissory estoppel, intentional interference with business relationships, civil conspiracy, disclosure of confidential information, and permanent injunction. Since the Court disposes of the only federal claim alleged in the plaintiffs amended complaint only state claims are left to be litigated. The doctrine of pendent jurisdiction permits federal courts to entertain state claims which would otherwise lack subject matter jurisdiction so long as the state claim is "joined" with a related federal claim, the two claims arising out of the same event or connected series of events. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because pendent jurisdiction is principally associated with federal question jurisdiction, where the existence of a federal claim supports jurisdiction of a pendent state claim, disposition of the federal claim allows the district court to exercise its discretion to allow any unresolved state claims to be heard in the state courts. 28 U.S.C. § 1367. The Court declines to exercise jurisdiction over the remaining state claims (Counts I, II, III, V, VI, and VII) and remands those claims to the state court.

### VI

The Court grants in part the defendants' motion for summary judgment on Count IV

---

7. Deposition of Kenneth Cox at pp. 149–152.

8. A 1949 agreement between the city and Barberton Citizens Hospital included a reverter clause. It provided that in the event the hospital ever turned over its property, buildings or equipment to another, all assets belonging to the hospital were to revert to the city.

and remands Counts I, II, III, V, VI, and VII to the Summit County Court of Common Pleas. There is no need to determine now in this Court whether the sale of the hospital to new owners has mooted the state court's injunction, or whether that injunction should be modified. *Black v. Barberton Citizens Hospital,* 134 F.3d at 1269. The remaining unresolved motions on the docket in this Court are denied as moot without prejudice to the parties refiling in the state proceeding.[9]

IT IS SO ORDERED.

---

**9.** Those motions on the docket which the Court now denies as moot include: Defendants' motion to exclude expert testimony [Doc. 136]; Barberton Citizens Hospital's motion (directed at the Akron General Medical Center) to compel production of documents and for the appearance of a person to testify [Doc. 137]; Akron General Medical Center's motion to quash a subpoena and for a protective order [Doc. 149]; Quorum Health Group's motion for leave to file a response in opposition to the plaintiff's objection to an order of the magistrate judge [Doc. 150]; and the plaintiffs motion for leave to file an amended opposition to defendants' summary judgment motion with a supplemental brief [Doc. 151].